**In re Anonymous No. 139 D.B. 1995**

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SCARICAMAZZA JR., *Member,* March 8, 1999—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner, [   ], filed a petition for reinstatement to the bar of Pennsylvania on April 3, 1998. He was suspended for a period of three years retroactive to October 2, 1995 by order of the Supreme Court dated June 13, 1997. Petitioner was suspended as a result of his conviction for two counts of mail fraud and two counts of aiding and abetting.

A reinstatement hearing was held on June 24, 1998 before Hearing Committee [   ] comprised of Chair [   ], Esquire, and Members [   ], Esquire, and [   ], Esquire. Petitioner was represented by [   ], Esquire. Office of Disciplinary Counsel was represented by [   ], Esquire.

The Hearing Committee issued a report on July 28, 1998 and recommended that the petition be granted. No briefs on exception were filed by the parties.

This matter was listed for adjudication at the board meeting of August 13, 1998. After that meeting, the board issued an order remanding the matter to Hearing Committee [   ] for receipt of additional evidence, pertaining to petitioner's monthly compensation from 1995 through 1997. On October 29, 1998, the Hearing Committee filed a stipulation relating to the evidence requested by the board.

This matter was then re-listed and adjudicated by the board at the meeting of November 18, 1998.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner was born on May 21, 1955, and was admitted to practice law in Pennsylvania on December 9, 1980. Petitioner's address is [   ].

(2) By order of the Supreme Court dated June 13, 1997, petitioner was suspended from the practice of law in Pennsylvania for a period of three years retroactive to October 2, 1995.

(3) Petitioner's suspension was related to his conviction on April 5, 1995 of two counts of mail fraud in violation of 18 U.S.C. §1341 and two counts of aiding and abetting in violation of 18 U.S.C. §2.

(4) Petitioner was sentenced to probation for three years and was required to perform 400 hours of community service and pay restitution of $11,700 and a fine of $5,000.

(5) Petitioner satisfied all requirements of his criminal sentence.

(6) Petitioner has not practiced law in Pennsylvania since his suspension.

(7) Petitioner's exhibit 12 of the reinstatement questionnaire lists his compensation between 1995 and 1997 for files and cases prior to his suspension in 1995. The stipulation filed on October 29, 1998 verifies that the income was derived from referral fees for services rendered by petitioner prior to his suspension.

(8) Petitioner was suspended from the practice of law in New Jersey as a result of his conviction. He was reinstated to practice in that state in October 1997.

(9) During petitioner's suspension, he worked as a paralegal for Attorney [A], whose office is located in [   ]. After petitioner's reinstatement in New Jersey, he returned to the practice of law as a solo practitioner, with an office located at [   ].

(10) Petitioner has been active in charitable and community affairs, serving as a board member of the [B] and as a youth soccer and hockey coach.

(11) Petitioner completed more than 50 hours of continuing legal education credits, which fulfills the requirement for reinstatement.

(12) Petitioner submitted letters from friends and business associates supporting petitioner's claim that he is morally fit and competent to return to the practice of law.

(13) If reinstated, petitioner desires to affiliate himself with a law firm and practice in the area of civil litigation.

(14) Petitioner expressed his remorse for his criminal misconduct and assured the Hearing Committee that he would not engage in such misconduct in the future, as he has learned from his experience.

## III. CONCLUSIONS OF LAW

Petitioner has demonstrated, with clear and convincing evidence, that he possesses the moral qualifications, competence, and learning in the law necessary to practice in Pennsylvania.

Petitioner's resumption of the practice of law will not be detrimental to the integrity of the bar nor subversive of the interests of the public.

## IV. DISCUSSION

An attorney who is suspended from the practice of law for a period exceeding one year may not resume practice until reinstated by order of the Supreme Court of Pennsylvania. Pa.R.D.E. 218(a). In order for petitioner to gain reinstatement after suspension, he has the burden of demonstrating, by clear and convincing evidence, that he possesses the moral qualifications, competency, and learning in the law required for admission to practice law. Part of petitioner's burden also requires that he demonstrate that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar, nor subversive of the public interest. Pa.R.D.E. 218(c)(3)(i).

In determining whether petitioner clearly demonstrated his present fitness to practice law, the board considered the nature of petitioner's misconduct, his present competence and legal abilities, his character, rehabilitation, and degree of remorse expressed. *Philadelphia News Inc.*

*v. Disciplinary Board of the Supreme Court,* 468 Pa. 382, 363 A.2d 779 (1976).

Petitioner was suspended for three years retroactive to October 2, 1995 for his criminal conviction of mail fraud and aiding and abetting. Petitioner helped to perpetrate fraud on an insurance company by submitting inflated medical bills and fictitious reports, thereby enabling an inflated recovery for his client. Petitioner was sentenced to three years of probation on September 8, 1995. He was also required to perform 400 hours of community service, pay restitution of $11,700, and a fine of $5,000. Petitioner satisfied all requirements of his sentence.

Petitioner expressed sincere remorse for his actions and provided satisfactory evidence of his rehabilitative efforts. Petitioner has involved himself in charity and community work. Petitioner worked as a paralegal for Attorney [A], his former partner. Petitioner took more than 50 CLE credits during his suspension.

Petitioner was also suspended in New Jersey, and was reinstated there in October 1997. Since that time, he has practiced law in New Jersey as a solo practitioner, handling a variety of cases. Petitioner is eager to return to the practice of law in Pennsylvania. He plans to associate himself with a law firm.

Letters were submitted by friends and community members attesting to petitioner's character and moral fitness. Petitioner testified that his experience has changed him, and he assured the Hearing Committee that he would never involve himself in such a scheme again.

The concerns raised by the board were satisfactorily addressed by the submission of the stipulation relating to petitioner's monthly compensation for files and cases

from 1995 through 1997 as reported in his reinstatement questionnaire.

The record demonstrates that petitioner has met the requirements for reinstatement from his suspension. His misconduct was serious and appropriately addressed by the Supreme Court with a three-year suspension of his license to practice law. He completed his suspension without any difficulties or questionable activities. He is morally fit, competent and learned in the law.

For these reasons, the board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, [ ], be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Elliott did not participate in the November 18, 1998 adjudication.

## ORDER

And now, April 23, 1999, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated March 8, 1999, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.